**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| JAMES EDMOND MONIZ, | : | Case No. 3:25-cv-00398 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| FINANCIAL INDUSTRY | : | |
| REGULATORY AUTHORITY, INC., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

═══════════════════════════════════════════════════

**REPORT AND RECOMMENDATION**

═══════════════════════════════════════════════════

The undersigned Magistrate Judge issues this Report and Recommendation upon review of Plaintiff's Response to the Show Cause Order (Doc. No. 13). The undersigned concludes that Plaintiff has not met his burden to show that service was perfected on Defendant Supreme Alliance, LLC, or that he had good cause for failing to do so. Therefore, the undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Supreme Alliance, LLC.

## I.       BACKGROUND

Plaintiff originally filed the Complaint in the Greene County Court of Common Pleas ("GCCCP") on October 13, 2025. (Complaint, Doc. No. 2.) Defendant Financial Industry Regulatory Authority, Inc. removed the lawsuit to this court on November 20, 2025. (Notice of Removal, Doc. No. 1.). The Court subsequently ordered Plaintiff to show cause as to why his claims against Defendant Supreme Alliance, LLC should not be

dismissed for failure to effect timely service. (Show Cause Order, Doc, No. 12.) The Court explained that the ninety-day time limit for service specified by Rule 4(m) had passed and that Plaintiff had not timely perfected service on Defendant Supreme Alliance, LLC. (*Id.* at PageID 539.) The Court further explained that pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(*Id.* (emphasis added).) The Court also cautioned Plaintiff: "**Failure to comply with this Order may result in a recommendation that Plaintiff's claims against Defendant Supreme Alliance, LLC be dismissed without prejudice.**" (*Id.* at PageID 540 (emphasis in original).)

In his Response to the Show Cause Order,[1] Plaintiff contends that he served Defendant Supreme Alliance, LLC by regular mail pursuant to Ohio Civil Rule 4.6(D) prior to the date that Defendant Financial Industry Regulatory Authority, Inc. removed the lawsuit to this court. (Response, Doc. No. 13 at PageID 541, ¶¶ 2-3.) Plaintiff asserts that "[t]he docket of the Greene County Court of Common Pleas reflects that Defendant Supreme Alliance, LLC was served by regular mail on October 17, 2025 and that the mailing was not returned." (*Id.* at PageID 542, ¶ 5.) According to Plaintiff: "Because

---

[1] The Court ordered Plaintiff to show cause by April 17, 2026. (Show Cause Order, Doc. No. 12 at PageID 540.) Plaintiff filed his response several days after that deadline, on April 21, 2026. (Response, Doc. No. 13.)

service was completed in state court prior to removal, service remained effective following removal to this Court." (*Id.*, ¶ 6.)

## II. LEGAL STANDARD

"Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made." *Miller v. City of Springfield Police Div.*, No. 3:19-cv-145, 2021 WL 3930013, at *10 (S.D. Ohio Sept. 2, 2021) (Newman, D.J.) (citations omitted). Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff does not complete service within this time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.*) Upon a showing of good cause by the plaintiff, "the court must extend the time for service for an appropriate period." *Id.*

If a plaintiff lacks good cause, it is within the Court's discretion to decide whether to dismiss the plaintiff's suit or extend the time for service. *Henderson v. U.S.*, 517 U.S. 654, 662 (1996) (noting that the current version of Rule 4(m) vests courts with "discretion to enlarge" the time period for service, "even if there is no good cause shown") (internal quotation marks and citation omitted). Indeed, "[d]ismissal without prejudice and an order that service be made are 'equally permissible options' within the discretion of the Court." *Sharanshi v. Campbell*, No. 2:09-cv-2063-JPM-cgc, 2009 WL 5217009, at *1 (W.D. Tenn. Dec. 30, 2009) (citing *United States v. Ninety Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003)).

### III.    ANALYSIS

The undersigned finds that Plaintiff has not met his burden to exercise due diligence in perfecting service of process and showing that proper service has been made. *Miller*, 2021 WL 3930013, at *10. For the reasons discussed below, the undersigned finds that Plaintiff did not effectuate service on Defendant Supreme Alliance, LLC and did not demonstrate good cause for his failure to do so. Further, the undersigned recommends that the Court exercise its discretion to dismiss Plaintiff's claims against this Defendant.

In his Response to the Show Cause Order, Plaintiff asserts that after he filed the action in the GCCCP on October 13, 2025, he served Defendant Supreme Alliance, LLC by regular mail on October 17, 2025. (Response, Doc. No. 13 at PageID 541-42, ¶¶ 1-5.) According to Plaintiff: "Specifically, on October 17, 2025, service was completed by regular mail in accordance with Ohio Civ. R. 4.6(D) after certified mail service was returned unclaimed." (*Id.* at PageID 541, ¶3.) Plaintiff further asserts that the GCCCP docket shows that the mailing was not returned, and argues that service was therefore complete under Ohio Civil Rule 4.6(D). (*Id.* at PageID 541, ¶¶ 2-4.) Plaintiff did not support his assertions with sworn affidavits or any supporting documentation.

The undersigned's own review of the electronic docket of the state-court proceedings conflicts with Plaintiff's assertions.[2] Indeed, the undersigned concludes that

---

[2] The GCCCP electronic docket is available through an online database. *Greene County, Ohio Common Pleas Court CourtView Public Portal* (2026), https://courts.greenecountyohio.gov/eservices [https://perma.cc/2DQT-W9PM]. The undersigned takes judicial notice of the contents of the GCCCP electronic docket for the case of *James Edmond Moniz v. Financial Industry Regulatory Authority, Inc.*, No. 2025-CV-0940 (Court of Common Pleas, Greene County, Ohio). *See* Fed. R. Evid. 201(b)(2); *Rodic*

the GCCCP electronic docket shows that Plaintiff did ***not*** successfully effectuate service on Defendant Supreme Alliance, LLC by regular mail or any other means.

According to the GCCCP electronic docket, Plaintiff filed several documents to open the case, including a Praecipe for Service by Certified Mail, on October 13, 2025:



As indicated by the title of the document, Plaintiff asked the Clerk of Courts in the Praecipe to mail a copy of the Summons and Complaint to both Defendants by ***certified mail***:

---

*v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted) ("Federal courts may take judicial notice of proceedings in other courts of record."); *Bradley v. Eichhorn*, No. 2:25-cv-959, 2026 WL 380561, at *1 n.1 (S.D. Ohio Feb. 11, 2026) (Vascura, M.J.) (taking judicial notice of state-court dockets related to the plaintiff's state-court criminal proceedings).

IN THE COURT OF COMMON PLEAS
GREENE COUNTY, OHIO

**FILED**
2025 OCT 13 AM II: 03

JAMES EDMOND MONIZ,       :    Case No. _____ 2 0 2 5 C V 0 9 4 0_____

     *Plaintiff,*      :    Judge:

v.      :

FINANCIAL INDUSTRY      :
REGULATORY AUTHORITY, INC.      :    **PRAECIPE FOR SERVICE BY**
     :    **CERTIFIED MAIL**

and      :

SUPREME ALLIANCE, LLC      :

     *Defendants.*      :

**TO THE CLERK:**

Please issue by certified mail a copy of the Summons and Complaint/Application for

Confirmation of Arbitration Award Under ORC § 2711.09 to the following:

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**
c/o Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, OH 43215

**SUPREME ALLIANCE, LLC**
2187 Ivy Crest Drive
Bellbrook, OH 45305

Respectfully submitted,

/s/ Tabitha M. Hochscheid
Tabitha M. Hochscheid (0065172)
Attorney for Plaintiff
Hochscheid Law LLC
810 Sycamore Street, Suite 521
Cincinnati, OH 45202
Tel: (513) 338-1818
Fax: (513) 263-9043
Email: tmh@hochscheidlaw.com

(GCCCP Case No. 2025-CV-0940, Praecipe for Service by Certified Mail, filed October

13, 2025.)

6

On October 17, 2025, the GCCCP Clerk of Court sent documents to both

Defendants by *certified mail*:

| 10/17/2025 | HEARING SET | HEARING SET<br>Judge: HAYDEN, STEPHANIE<br>Event: MAGISTRATE'S HEARING<br>Date: 11/18/2025  Time: 10:30 AM<br>Result: CONTINUED | |
|---|---|---|---|
| 10/17/2025 | REQUEST FOR HEARING (FORM ONLY) FILED | NOTICE OF HEARING FILED<br><br>Applies To: HOCHSCHEID, TABITHA M (Attorney)<br>on behalf of MONIZ, JAMES EDMOND (PLAINTIFF) | 🖾 Image |
| 10/17/2025 | CHARGE FOR CERTIFIED MAIL | CHARGE FOR CERTIFIED MAIL -NOTICE OF<br>HEARING FORM INCLUDED<br>Issue Date: 10/17/2025<br>Service: CV-ARB-NOT -CV NOTICE SETTING ARB<br>CONFIRMATION HRG<br>Method: CERTIFIED MAILER<br>Cost Per: 10.0000<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY<br>INC<br>DEFAULT ADDRESS<br>C/O CORPORATION SERVICE COMPANY<br>1160 DUBLIN ROAD, SUITE 400<br>COLUMBUS, OH  43215<br>Tracking Number: 9590926699042238500787<br><br>SUPREME ALLIANCE LLC<br>DEFAULT ADDRESS<br>2187 IVY CREST DRIVE<br>BELLBROOK, OH  45305<br>Tracking Number: 9590926699042238500794 | 🖾 Image |
| 10/17/2025 | NOTICE SETTING ARBITRATION CONFIRMATION HEARING ISSUED TO DEFENDANTS | MOTION AND NOTICE SETTING ARBITRATION<br>CONFIRMATION HEARING ISSUED TO<br>DEFENDANT(S) AND NOTICE OF HEARING TO<br>ATTORNEY FOR PLAINTIFF.<br><br>CV NOTICE SETTING ARB CONFIRMATION HRG<br>Sent On: 10/17/2025 15:20:03 | |

The GCCCP Clerk of Court thereafter received a certified mail return receipt – but only

for Defendant Financial Industry Regulatory Authority, Inc. – on October 27, 2025:

| 10/27/2025 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method    : CERTIFIED MAILER<br>Issued    : 10/17/2025<br>Service   : CV-ARB-NOT -CV NOTICE SETTING<br>ARB CONFIRMATION HRG<br>Served    : 10/25/2025<br>Return    : 10/27/2025<br>on        : FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY INC<br>Signed By : CORPORATION SERVICE COMPANY<br>(STAMP)<br>Reason    : SUCCESSFUL<br>Comment   :<br>Tracking #: 9590926699042238500787 | 🖾 Image |

7

The document attached to the docket entry confirms that only the certified mail receipt for the envelope addressed to Defendant Financial Industry Regulatory Authority, Inc. was returned on October 27, 2025:



(GCCCP Case No. 2025-CV-0940, Defendant Financial Industry Regulatory Authority, Inc. Certified Mail Return Receipt, filed October 27, 2025.) The GCCCP docket contains no evidence that Plaintiff successfully served Defendant Supreme Alliance, LLC prior to November 20, 2025, when Defendant Financial Industry Regulatory Authority, Inc. removed the case to this Court:

8

| 10/27/2025 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method : CERTIFIED MAILER<br>Issued : 10/17/2025<br>Service : CV-ARB-NOT -CV NOTICE SETTING<br>ARB CONFIRMATION HRG<br>Served : 10/25/2025<br>Return : 10/27/2025<br>on : FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY INC<br>Signed By : CORPORATION SERVICE COMPANY<br>(STAMP)<br>Reason : SUCCESSFUL<br>Comment :<br>Tracking #: 9590926699042238500787 | Image |
| 11/07/2025 | ENTRY FILED; | AGREED ENTRY AND ORDER GRANTING<br>DEFENDANT FINANCIAL INDUSTRY<br>REGULATORY AUTHORITY, INC'S EXTENSION OF<br>TIME TO FILE AND ANSWER, MOVE, OR RESPOND<br>TO PLAINTIFF JAMES EDMOND MONIZ'S<br>COMPLAINT/APPLICATIOON FOR<br>CONFIRMATION OF ARBITRATION AWARD<br>UNDER ORC § 2711.09 FILED; | Image |
| 11/20/2025 | NOTICE OF APPEARANCE FILED; (NAME) ENTERS APPEARANCE ON BEHALF OF (PTF/DEF) | NOTICE OF APPEARANCE OF JASON W PALMER FILED;<br><br>Applies To: PALMER, JASON W (Attorney) on behalf of FINANCIAL INDUSTRY REGULATORY AUTHORITY INC (DEFENDANT) | Image |
| 11/20/2025 | NOTICE FILED; | NOTICE OF FILING FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION (DAYTON) FILED;<br><br>Applies To: PALMER, JASON W (Attorney) on behalf of FINANCIAL INDUSTRY REGULATORY AUTHORITY INC (DEFENDANT) | Image |
| 12/05/2025 | TICKLER DEACTIVATED. | TICKLER DEACTIVATED. | |

Moreover, on December 22, 2025, over a month after the case was removed to this Court, the GCCCP Clerk of Court docketed the returned certified mail envelope that was addressed to Defendant Supreme Alliance, LLC, which indicated that the attempted service was unsuccessful:

| 12/05/2025 | TICKLER DEACTIVATED. | TICKLER DEACTIVATED. | |
| 12/22/2025 | UNSUCCESSFUL SERVICE | UNSUCCESSFUL SERVICE<br>Method : CERTIFIED MAILER<br>Issued : 10/17/2025<br>Service : CV-ARB-NOT -CV NOTICE SETTING<br>ARB CONFIRMATION HRG<br>Served :<br>Return : 12/22/2025<br>on : SUPREME ALLIANCE LLC<br>Signed By :<br>Reason : UNSUCCESSFUL<br>Comment : RETURN TO SENDER- NOT<br>DELIVERABLE AS ADDRESSED- UNABLE TO<br>FORWARD- UNCLAIMED<br>Tracking #: 9590926699042238500794 | Image |

9

The document attached to that docket entry shows that the certified mail envelope addressed to Defendant Supreme Alliance, LLC was returned as unclaimed:



(GCCCP Case No. 2025-CV-0940, Defendant Supreme Alliance, LLC Certified Mail Return Receipt, filed December 22, 2025.)

On January 2, 2026, the GCCCP Clerk of Court sent a Failure of Service Notification to Plaintiff by regular mail. That docket entry constitutes the final entry on the GCCCP docket:

10



The attachment to the docket entry confirms that the GCCCP Clerk of Court notified

Plaintiff's counsel that the documents sent by certified mail to Defendant Supreme

Alliance, LLC were returned:



11

(GCCCP Case No. 2025-CV-0940, Failure of Service Notification, filed January 2, 2026.) These documents establish that service was not perfected on Defendant Supreme Alliance, LLC by certified mail.

Additionally, the "Service Records" tab of the GCCCP docket confirms that certified-mail service was unsuccessful on Defendant Supreme Alliance, LLC, and that the Clerk of Court notified Plaintiff of the returned certified mail:

| | All Information | Party | Service Records | Event | Docket | Financial | Receipt | Disposition |

**Service Records**

| Issue Date | Party Served | Tracking Number | Status | Service Method | Service Date |
|---|---|---|---|---|---|
| 10/17/2025 | SUPREME ALLIANCE LLC 2187 IVY CREST DRIVE BELLBROOK, OH 45305 | 95909266990422238500794 | UNSUCCESSFUL | CERTIFIED MAILER | |
| 10/17/2025 | FINANCIAL INDUSTRY REGULATORY AUTHORITY INC C/O CORPORATION SERVICE COMPANY 1160 DUBLIN ROAD, SUITE 400 COLUMBUS, OH 43215 | 95909266990422238500787 | SUCCESSFUL | CERTIFIED MAILER | 10/25/2025 |
| | SUPREME ALLIANCE LLC 2187 IVY CREST DRIVE BELLBROOK, OH 45305 | | | CP REGULAR MAIL | |

In sum, the GCCCP electronic docket shows that the GCCCP Clerk of Court attempted to serve Defendant Supreme Alliance, LLC by certified mail on October 17, 2025. Those documents were returned on December 22, 2025, and so service by certified mail was unsuccessful. Additionally, the GCCCP docket does not reflect that service by regular mail was attempted pursuant to Ohio Civil Rule 4.6(D). The GCCCP Clerk of Court did notify Plaintiff's attorney of record that the certified mail envelope was unclaimed, and entered "the fact and method of notification on the appearance docket," as described in Ohio Civil Rule 4.6(D). However, the GCCCP docket contains no

12

evidence that Plaintiff "file[d] with the clerk a written request for ordinary mail service,"
or that the GCCCP Clerk of Court sent a copy of the Complaint to Defendant Supreme
Alliance, LLC by ordinary mail. Ohio Civ. R. 4.6(D).

The GCCCP electronic docket, therefore, reveals the following conflicts with the
information that Plaintiff provided in his Response to the Show Cause Order:

| Plaintiff's Response | GCCCP Electronic Docket |
|---|---|
| "Prior to removal of this action to this Court, Plaintiff effectuated service of process upon Defendant Supreme Alliance, LLC in the state court proceedings pursuant to Ohio Civil Rule 4." (Response, Doc. No. 13 at PageID 541, ¶ 2.) | Defendant Supreme Alliance, LLC was unsuccessfully served by certified mail. The GCCCP docket contains no evidence that Defendant Supreme Alliance, LLC was successfully served. |
| "Specifically, on October 17, 2025, service was completed by regular mail in accordance with Ohio Civ. R. 4.6(D) after certified mail service was returned unclaimed." (*Id.*, ¶ 3.) | Service on Defendant Supreme Alliance, LLC was *attempted* by *certified mail* – not regular mail – on October 17, 2025. The certified mail was returned as unclaimed on December 22, 2025. |
| "The docket of the Greene County Court of Common Pleas reflects that Defendant Supreme Alliance, LLC was served by regular mail on October 17, 2025 and that the mailing was not returned." (*Id.* at PageID 542, ¶ 5.) | Service on Defendant Supreme Alliance, LLC was *attempted* by *certified mail* on October 17, 2025. The mailing was returned as unclaimed on December 22, 2025. |
| "Because service was completed in state court prior to removal, service remained effective following removal to this Court." (*Id.*, ¶ 6.) | The GCCCP docket contains no evidence that service on Defendant Supreme Alliance, LLC was completed at any time, much less prior to the removal of the case to this Court on November 20, 2025. |

Accordingly, the undersigned finds that Plaintiff failed to meet his burden to show
that proper service was made on Defendant Supreme Alliance, LLC, and he did not show

13

good cause for his failure to do so. Because Plaintiff lacks good cause for his failure to serve Defendant Supreme Alliance, LLC, this Court has discretion to dismiss Plaintiff's suit or extend the time to serve. Fed. R. Civ. P. 4(m); *Ninety Three Firearms*, 330 F.3d at 426. Here, Plaintiff had ample opportunity to demonstrate good cause for his failure to serve Defendant Supreme Alliance, LLC, but he did not. Not only did Plaintiff fail to provide supporting documentation for his assertions, but he provided inaccurate information to this Court by making assertions that conflict with the GCCCP docket. The undersigned therefore RECOMMENDS that the Court DISMISS Plaintiff's claims against Defendant Supreme Alliance, LLC without prejudice.

## IV. CONCLUSION

For the reasons discussed above, the undersigned finds that *sua sponte* dismissal pursuant to Federal Rule of Civil Procedure 4(m) is appropriate. The undersigned therefore **RECOMMENDS** that Plaintiff's claims against Defendant Supreme Alliance, LLC be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO RECOMMENDED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

14

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Report and Recommendation ("Report"). Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).