UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES EDMOND MONIZ,

     Plaintiff,

vs.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC., *et al*.,

     Defendants.

Case No. 3:25-cv-398

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING AS PREMATURE DEFENDANT FINRA'S MOTION TO VACATE (Doc. No. 7); (2) REQUIRING FINRA TO FILE, BY JUNE 26, 2026, A MEMORANDUM ADDRESSING WHETHER THE COURT HAS FEDERAL QUESTION JURISDICTION; (3) REQUIRING PLAINTIFF TO FILE, BY JULY 10, 2026, A RESPONSIVE MEMORANDUM; (4) PERMITTING FINRA TO FILE A REPLY MEMORANDUM ON OR BEFORE JULY 24, 2026; AND (5) CONFIRMING THIS CASE REMAINS PENDING ON THE DOCKET**

---

Plaintiff James Edmond Moniz has been a securities financial services professional since March 1977.  Doc. No. 2 at PageID 91.  He is registered under the rules established by Defendant Financial Industry Regulatory Authority, Inc. ("FINRA").  *Id*. at PageID 91, n. 1.  Plaintiff explains, "FINRA is a self-regulatory organization, as defined in the 1934 Securities and Exchange Act ['the Exchange Act'], whose duties include maintaining a Central Registration Depository…, [*i.e.*,] a public record of, among other things, securities brokers' license status and all customer complaints and regulatory actions brought against each broker."  *Id*. at PageID 92; *see* Doc. No. 7 at PageID 271.

Plaintiff, through counsel, originally filed the instant case in state court seeking confirmation of a JAMS arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Ohio Rev. Code § 2711.09.  Doc. No. 2.  The JAMS award provides for

expungement, or removal, of eight customer complaints from Plaintiff's record in the Central Registration Depository ("CRD") maintained by FINRA.  *Id.*  FINRA timely removed the case to federal court based on federal question jurisdiction under 28 U.S.C. §1331.  Doc. No. 1 at PageID 4-5.

The case is before the Court upon FINRA's motion to vacate the arbitration award pursuant to a previous arbitration proceeding through FINRA that denied Plaintiff's requested relief.  Doc. No. 7.  Plaintiff filed a memorandum in opposition (Doc. No. 8), and FINRA replied (Doc. No. 11).

## I. Background

### A. Plaintiff's Two Arbitrations

Plaintiff has had two arbitration proceedings: (1) first with the FINRA arbitration panel; and (2) then with JAMS, the well-known mediation, arbitration, and alternative dispute resolution service.  *See, generally, Wells v. Versaille Capital Advisors, LLC*, No. 2:24-CV-13324, 2026 WL 661959, at *2 n.1 (E.D. Mich. Mar. 9, 2026).  The only other party to the JAMS arbitration was Supreme Alliance, LLC, "a securities broker-dealer, investment adviser firm, and FINRA member firm with its principal place of business in Bellbrook, Ohio.  Since September of 2019, Plaintiff has been a registered representative with Supreme Alliance[.]"  Doc. No. 2 at PageID 92.  FINRA was not a party to the JAMS arbitration.  *See* Doc. Nos. 2-2, 2-3.  Plaintiff had already, at that point, unsuccessfully sought expungement of the same eight customer disputes from his record in CRD through FINRA's arbitration procedures.  *Id*.  While the FINRA arbitration panel held against Plaintiff, the subsequent JAMS arbitration panel held in Plaintiff's favor, granting the expungement of the eight disputes in FINRA's CRD.  Doc. No. 2 at PageID 92-93; *see* Doc. No. 7.

2

Although Supreme Alliance stipulated to the JAMS arbitration, Doc. No. 2-1 at PageID 94, it did not participate in the arbitration hearing and declined to oppose the expungement relief Plaintiff sought.[1] Doc. No. 2-3 at PageID 138.

**B. Removal**

Plaintiff's state-court complaint named FINRA and Supreme Alliance, LLC as Defendants. *Id*. at PageID 92. Plaintiff asserted, "[The state court] has jurisdiction over this matter pursuant to Ohio Rev. Code § 2711.99, which provides for the recognition and enforcement of arbitration awards." *Id*. at PageID 92.

To effect removal of this case from state court, FINRA's Notice of Removal first cites to a pair of cases involving FINRA expungement claims removed from state court based on federal question jurisdiction under 28 U.S.C. § 1331—*Dobbins v. Nat'l Ass'n of Secs. Dealers*, No. 5:06CV2968, 2007 U.S. Dist. LEXIS 61767, at *5-6 (N.D. Ohio Aug. 22, 2007) and *Sum-Slaughter v. FINRA, Inc.*, 320 A.3d 313, 323 (D.C. Ct. App. 2024). Doc. No. 1 at PageID 4-5.

Second, FINRA maintains that because the Exchange Act vests exclusive jurisdiction in federal courts for "all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange] Act or the rules and regulations thereunder[,]" 15 U.S.C. § 78aa, any claim arising under the Exchange Act is within the exclusive jurisdiction of the federal courts. *Id*. at PageID 5.

Third, FINRA contends, "[Plaintiff's] claim to confirm the [arbitration] [a]ward, which provides a dispensation from FINRA's statutory duty to collect and retain registration information, arises under federal law within the meaning of 28 U.S.C. § 1331, and removal is thus proper pursuant to 28 U.S.C. § 1441." *Id*.; *see* Doc. No. 7 at PageID 273.

---

[1] The Court previously dismissed without prejudice Plaintiff's claims against Supreme Alliance for his failure to properly serve that Defendant. Doc. Nos. 14, 16.

3

Plaintiff has not addressed FINRA's jurisdictional assertions and has not filed a motion to remand this case to state court for lack of subject matter jurisdiction.  *See* Doc. No. 8.  Instead, Plaintiff opposes FINRA's motion to vacate on other grounds and asks the Court to confirm the arbitration award.  Doc. No. 2; *see* Doc. No. 8 at PageID 513.

## II.  Discussion

### A.  Applicable Law

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law."  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441(b)); *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023).  To determine whether a claim 'arises under' federal law, the well-pleaded complaint rule applies. *Hudak*, 58 F.4th at 852 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "'Under this rule, a federal question must appear on the face of the complaint rather than as part of a defense, even if a federal-law defense is anticipated.'" *Id*. (quoting *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012)).  Further, "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Perna v. Health One Credit Union*, 983 F.3d 258, 268 (6th Cir. 2020) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015)).

"The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).  The Court has a duty to determine *sua sponte* whether subject matter jurisdiction exists in each case before it. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir.

2009). A district court is required to remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

## B. Subject Matter Jurisdiction

In the instant case, the Court's *sua sponte* consideration of whether subject matter jurisdiction exists reveals the presence of issues the parties have yet to fully address. Plaintiff's complaint raises a federal claim for relief under the FAA, § 9. Doc. No. 2 at PageID 3. However, the FAA does not extend federal jurisdiction to federal district courts. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022) ("The [FAA's] authorization of a petition does not itself create jurisdiction"). "Rather, the federal court must have … an independent jurisdictional basis to resolve the matter." *Id*. (quoting *Hall Street Assc., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). In *Badgerow*, moreover, the Supreme Court instructs that in a Section 9 or 10 FAA case, federal courts are not to "look through" a petition to confirm or vacate an arbitration in search of a federal claim or jurisdictional foundation. 596 U.S. at 11 ("[Sections 9 and 10] do not instruct a court to imagine a world without an arbitration agreement, and to ask whether it would then have jurisdiction over the parties' dispute. Indeed, Sections 9 and 10 do not mention the court's subject-matter jurisdiction at all"); *see id*. at 8 ("[A]n applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum'").[2] Further, the Court's research, without input from the parties, has located one potentially relevant case decided by a district court within the Sixth Circuit, *Wells*, *supra*, in which the district court observed, "As the Sixth Circuit has stated, '[a] breach of the NASD [FINRA's predecessor] rules does not present a question that arises under the laws of the

---

[2] One jurisdictional case FINRA cites in its Notice of Removal, *Dobbins*, pre-dates *Badgerow*; the other, *Sum-Slaughter*, is not controlling precedent in the Sixth Circuit and does not mention *Badgerow*. *See* Doc. No.1 at PageID 4.

United States within the meaning of 28 U.S.C. § 1331, and it follows *a fortiori* that compliance with NASD [FINRA] rules does not give rise to federal question jurisdiction." 2026 WL 661959, at *6  (brackets in *Wells*) (quoting *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 259 (6th Cir. 1994)).  The Court offers these comments not as a hint to its final conclusions or holding regarding jurisdiction, but to explain there remains more for the parties to address concerning the issue of whether removal of the case was proper based on the Court's federal question jurisdiction.

Accordingly, FINRA's motion to vacate (Doc. No. 7) is **DENIED AS PREMATURE**. The Court will reach the merits of this dispute once it is clear it has jurisdiction in this instance.

### III.  Conclusion

Accordingly, FINRA shall file, **by June 26, 2026**, a memorandum addressing whether the Court has federal question jurisdiction in this case in light of *Badgerow*, *Wells*, *Jones*, and all other relevant cases on which FINRA relies.  Plaintiff shall file, **by July 10, 2026,** a responsive memorandum addressing these same cases and other relevant cases on which he relies.  Finally, FINRA may file, **by July 24, 2026,** a reply memorandum.

**IT IS SO ORDERED.**

June 9, 2026                                          s/*Michael J. Newman*
                                                               Hon. Michael J. Newman
                                                               United States District Judge

6